34 So.2d 229

## POE v. STATE.

### 5 Div. 243.

Court of Appeals of Alabama.

March 2, 1948.

See also Cobb v. State, post, p. 441, 34 So.2d 230.

J. B. Atkinson, of Clanton, for appellant.

A. A. Carmichael, Atty. Gen., and Hugh F. Culverhouse, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

■ The evidence in this case was in sharp conflict and was properly submitted to the jury.

There is no phase of the case which entitled the defendant to a directed verdict, and this point of decision appears to be the principal insistence of appellant to effect a reversal of the judgment of conviction from which this appeal was taken.

■ The evidence tends to show that Ruthie Mae Varner, the alleged injured party, who lived in Clanton, Alabama, boarded a train at Clanton, Alabama, for Birmingham, Alabama. The evidence further tends to show that at the time she left Clanton she had in her possession a sum of money in the amount of $80. After shopping in Birmingham and spending approximately $15 she then boarded a train at Birmingham for her return trip to Clanton. While she was on the train, and as it approached the vicinity of Jemison, in Chilton County, an unidentified man on the train approached her and asked for change of a $20 bill. At this moment Aubrey Lee Poe, one of the appellants, was sitting in the coach seat across from Ruthie Mae Varner, and as she opened her pocketbook to make change for this unidentified man, Aubrey Lee grabbed her money ($65) from her billfold. As he started out of the coach with the money in

his hand, Ruthie Mae grabbed him and was able to recover a part of, or the whole of a $20 bill from Aubrey Lee's hand. The evidence then tends to show that when Ruthie Mae went in search of the conductor the appellants debarked from the train as it stopped at Jemison. Ruthie Mae subsequently debarked from the train at Thorsby where she contacted police chief Livingston who drove her to Jemison in search of the appellants.

The appellants were found on a bus at Jemison which was loading for Birmingham. The evidence tends to show that Aubrey Lee Poe made the following statement to Ruthie Mae in the presence of Chief Livingston:

"If I give the money back would everything be OK?"

The appellants were then taken to Thorsby where they were turned over to Sheriff Nivens. Sheriff Nivens searched the appellants and found $45 hidden in the sock of Freddie Cobb which he had on his right foot.

Sheriff Nivens testified, before he searched the two defendants, he asked each of them if they had any money and both of them stated they did not. After which, as stated, the Sheriff found the forty-five dollars in the sock of one of them.

State witness John Wilson testified he was in the coach and defendant Poe snatched the money out of the hands of Ruthie Mae Varner, as testified to by her. Said witness was in no manner interested in the case, and at the time in question, did not know either of the principals involved.

Appellant Aubrey Lee Poe, testifying in his own behalf, denied taking the money from Ruthie Mae, and stated that he was gambling in a card game on the train and that Ruthie Mae was in the game and she lost a $20 bill and two $10 bills. He further stated that he won the two $10 bills from another man in the game who had won them from Ruthie Mae and that subsequently he lost these bills to another man in the game. Such assertions are unsupported by any other testimony found within the record, whereas the testimony of the state witness, Ruthie Mae Varner, is supported by that of John Wilson who was a passenger on the train at the time the above described events took place.

Appellant Freddie Cobb did not testify.

The few exceptions reserved to the rulings of the court were without merit and cannot be sustained. No error prevailed in the action of the court in overruling and denying the motion for a new trial.

Affirmed.